IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| KEVIN ALVA | § | |
| v. | § | CIVIL ACTION NO. 9:08cv46 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Kevin Alva, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of an alleged denial of due process by prison officials. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Alva says that he is challenging a prison disciplinary action, but no disciplinary case was filed. He states that on June 29, 2007, he was told by Warden Reescano and Charles Frizzell, a unit classification committee caseworker, that if he remained free from disciplinary cases until November 29, 2007, he would be promoted to State Approved Trusty III, which would allow him to earn additional good time credits. Alva says that he did remain free from disciplinary cases, but when he appeared before the unit classification committee, Warden Oliver told him that because he had an escape charge on his record, he would not be promoted to State Approved Trusty III, but only to State Approved Trusty IV, one level lower. Alva says that he does not have an escape charge on his record, he was never punished for an escape, and he has never been charged with, indicted for, or adjudged guilty of an escape.

In his petition, Alva says that he was denied due process because he received no notice of the charges, did not have a disciplinary hearing, and was not allowed to call witnesses or to be present

at a disciplinary hearing. Instead, he says, Warden Oliver deprived him of due process and of notice that he would be denied promotion to State Approved Trusty III. In a grievance attached to his complaint, Alva says that he does not have an escape charge, but only allegations of an escape which occurred in August of 2006.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge determined that under <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995), Alva failed to show that he had been deprived of a constitutionally protected liberty interest. The Fifth Circuit has made clear, the Magistrate Judge said, that inmates do not possess a liberty interest in their custodial classification, and the Fifth Circuit has also rejected claims that a denial of promotion in custodial classification, and a concomitant loss of opportunity to earn good time credits, could create a constitutionally protected liberty interest. *See* <u>Wilson v. Budney</u>, 976 F.2d 957, 958 (5th Cir. 1992); <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995). Similarly, a reduction in good time earning status will not support a claim under the Due Process Clause because the timing of the prisoner's release is too speculative to afford a constitutionally cognizable claim in a "right" to a particular time-earning classification. <u>Malchi v. Thaler</u>, 211 F.3d 953, 959 (5th Cir. 2000). The Magistrate Judge therefore recommended that Alva's petition be dismissed and that Alva be denied a certificate of appealability *sua sponte*.

Alva filed objections to the Magistrate Judge's Report on March 24, 2008. These objections are devoted largely to complaining that he did not consent to allow the Magistrate Judge to exercise jurisdiction over his case. He asserts, incorrectly, that even though the case had been referred to the Magistrate Judge, she nonetheless lacked jurisdiction to enter a Report and Recommendation. He argues that he never gave consent to allow the Magistrate Judge to issue a Report, overlooking the fact that such consent is not required; 28 U.S.C. §636(c) only requires the consent of the parties to allow the Magistrate Judge to enter final judgment in the case.

With regard to the merits of his case, Alva says that Warden Reescano promised him that if he kept a clear disciplinary history, he would be promoted to State Approved Trusty III, and this

should have been carried out, but that Warden Oliver "demoted" him at the Unit Classification Committee hearing, by only giving him a promotion to State Approved Trusty IV. He says that he did not receive a disciplinary hearing or notice that the State Approved Trusty III status which he was promised would be taken from him. Alva says that under Texas law, whenever classification or good time status is taken, it must be done through a disciplinary hearing. Alva says that his complaint is that because Warden Oliver suspended his State Approved Trusty III status, he lost good time credits which he would have otherwise received, which would have discharged his sentence in March of 2008. He concedes that he was promoted to State Approved Trusty III in February of 2008, but says that he lost good time credits toward his release without a disciplinary hearing. Alva also says that he had a family member pay the filing fee and is not proceeding *in forma pauperis*; a review of the docket sheet shows that Alva filed a motion for leave to proceed *in forma pauperis*, and that no filing fee has been received from any person pertaining to this case.

      The Magistrate Judge correctly determined that Alva does not have a liberty interest in his classification status *per se*. Although Alva complains that he would have received additional good time credits had he been promoted in November, the Magistrate Judge noted that a very similar claim was presented in Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). In that case, the plaintiff complained that because of allegedly false information, his custody status was such that he was unable to accrue additional good time credits to accelerate his eligibility for parole. The Fifth Circuit held that the loss of opportunity to earn good time credits - the very claim which Alva asserts - failed to show the deprivation of a constitutionally protected liberty interest. Luken, 71 F.3d at 193. In Malchi v. Thaler, 211 F.3d 953, 939 (5th Cir. 2000), the Fifth Circuit held that a reduction in good time earning status also would not support a claim under the Due Process Clause, because there was no "right" to a particular time-earning classification status. In this case, Alva contends that Warden Reescano promised that he would be promoted to State Approved Trusty III, but this by itself is not sufficient to create a constitutionally protected liberty interest. Alva's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Kevin Alva is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **11** day of **April, 2008.**

_____
Ron Clark, United States District Judge